Frank E. PETERS, Plaintiff,

v.

PRUDENTIAL-BACHE SECURITIES, INC., et al., Defendants.

No. 83 C 2414.

United States District Court, N.D. Illinois, E.D.

Sept. 28, 1983.

Robert N. Hermes, Butler, Rubin, Newcomer & Saltarelli, Chicago, Ill., for plaintiff.

N.A. Giambalvo and Martha L. Ashenhurst, Boodell, Sears, Surgue, Giambalvo & Crowley, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Frank E. Peters, Jr. ("Peters") sued Prudential-Bache Securities, James Wayman and Russell Labrasca for securities fraud pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.R.F. § 240.-10b–5, § 7(c) of the 1934 Act, 15 U.S.C. § 78g (Counts I and IV), as well as for breach of the Illinois Securities Law of 1953, Ill.Rev.Stat. ch. 121½ ¶ 137.12, breach of fiduciary duty and breach of contract (Counts II, III and V). Presently before the Court is defendants' motion to stay the present action pending arbitration. Defendants also challenge the legal sufficiency of the federal claims.[1] For reasons set forth below, the motion to stay is granted in part and denied in part, and Count IV of the complaint is dismissed.

Peters claims that he maintained a securities account at Bache and was allowed to trade on margin. Included in his portfolio were shares of a stock whose value was declining during early 1982. He had been advised as late as the morning of March 12, 1982, that his account was above the minimum required margin. On March 12, 1982, Peters received a margin call for approximately $21,000. On that same day, Labrasca informed Peters that the call was erroneous, but an office manager at Bache, Stephen Leightman, told Peters that the margin call was valid, and that his account had also sustained a margin call in January. According to Leightman, Wayman and Labrasca—brokers at Bache—had been misreading daily account balance reports for Peters' account.

---

1. Defendants, although not formally moving to dismiss the federal claims, have argued for their dismissal in their brief in support of the motion to stay arbitration. For this reason, we are treating their motion as an alternative motion to dismiss.

Count I avers that Wayman and Labrasca recklessly and willfully made material factual misstatements concerning Peters' account, and that Labrasca did not disclose that Bache was making a market in stocks Peters purchased. This allegedly violates § 10(b) and Rule 10b–5. Count IV, the other federal securities count, has been brought under § 7(c), 15 U.S.C. § 78g. Count II invokes the Illinois Securities Law of 1953, claiming that defendants deceived Peters and obtained money through sale of securities by means of an untrue material factual statement. Count III claims that defendants breached their fiduciary duties to Peters by making material misstatements of fact; Count V asserts that defendants breached their implied duty to properly supervise Peters' account.

*Federal Claims: Motion to Dismiss*

■ We first consider defendants' alternative motion to dismiss the federal claims. They argue that Peters' federal securities claims are legally deficient. Defendants correctly assert that Count IV does not state a claim, for violation of § 7(c) of the 1934 Act, 15 U.S.C. § 78g, does not create a private right of action. *Stern v. Merrill Lynch,* 603 F.2d 1073, 1074–75 (5th Cir.1979). The same conclusion has been reached concerning Regulation T, 12 C.F.R. §§ 220.3(c)(2), which was promulgated pursuant to § 7(c). *Russo v. Bache-Halsey Stuart Shields, Inc.,* 554 F.Supp. 613, 619–20 (N.D.Ill.1982). Count IV is therefore dismissed.

■ Count I, according to defendants, does not state a claim because it fails to plead fraud with particularity as required by Fed.R.Civ.P. 9(b) and because it does not adequately plead scienter. Rule 9(b) requires that the circumstances constituting fraud be pled with particularity. Thus, a plaintiff alleging fraud in connection with a securities transaction must specifically allege the acts or omissions upon which his or her claim rests; merely invoking the language of Rule 10b–5 in a complaint is insufficient. *Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979), *cert. denied,* 446 U.S.

946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Facts amounting to a form of deception must appear in the complaint, rather than conclusory allegations of fraud. *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972). We believe that Peters' complaint satisfies these requirements, since it apprises defendants of the time, place, identities of the parties and the contents of the alleged misrepresentations concerning the status of his account.

■ As for scienter, the Supreme Court has held that a private claim for relief under § 10(b) of the 1934 Act and Rule 10b–5 cannot be based upon mere negligence. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1976). While the Court did not address whether recklessness would suffice as scienter, a number of courts after *Hochfelder* have held that recklessness satisfies the § 10(b)/Rule 10b–5 requirement. *E.g., Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017, 1023–25 (6th Cir.1979); *Sundstrand Corp. v. Sun Chemical Corp.,* 553 F.2d 1033, 1039–40 (7th Cir.1977), *cert. denied,* 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977). Peters' complaint, which charges defendants with reckless and willful conduct, satisfies the scienter requirement for cases of this type. We therefore decline to dismiss Count I of Peters' complaint.

*Federal Claims: Motion to Stay*

■ Defendants also seek a stay of Count I and the pendent state claims, since their customer agreement provides for the arbitration of all disputes. According to 9 U.S.C. § 3,

[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agree-

ment, providing the applicant for the stay is not in default in proceeding with such arbitration.

It is established that a strong federal policy exists in favor of arbitration. *Butler Products Co. v. Unistrut Corp.,* 367 F.2d 733, 736 (7th Cir.1966). Doubts as to whether a contract excludes issues from arbitration should be resolved in favor of inclusion. *Randall v. Lodge No. 1076, International Association of Machinists,* 648 F.2d 462, 467 (7th Cir.1981). The arbitration clause in the present matter clearly calls for arbitration.[2]

■ But there is another federal policy at stake here which raises doubts as to the appropriateness of arbitration. The Supreme Court in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), denied a stay of judicial proceedings pending arbitration of a customer's fraud suit against a brokerage house brought under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* (2). The Court reasoned that under § 14 of the 1933 Act, 15 U.S.C. § 77n,[3] an agreement for arbitration was a "stipulation" which sought to "waive" compliance with the Securities Act. Thus, the arbitration agreement was void and unenforceable. Later, in *Scherk v. Alberto-Culver,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), the Court held that an international agreement containing an arbitration clause was enforceable against a Rule 10b–5 claim. In so holding, the Court observed that the Securities Exchange Act of 1934 lacked a counterpart of § 12(2) of the Securities Act of 1933, and that neither § 10(b) of the 1934 Act nor Rule 10b–5 provide for a private right of action for their violation. *Id.* at 513–14, 94 S.Ct. at 2454. The Seventh Circuit, however, has concluded that notwith-standing the differences between the 1933 and 1934 Acts, policy considerations require the application of the *Wilko* rule to Rule 10b–5 cases absent international policy considerations. *Weissbuch v. Merrill Lynch,* 558 F.2d 831, 835 (7th Cir.1977). It thus appears that Count I of Peters' complaint may not be submitted to arbitration.

*State Claims: Motion to Stay*

Although we declined to dismiss Count I for failure to state a claim and held it not arbitrable as a result of the policies of federal securities law, *Weissbuch v. Merrill Lynch, Pierce Fenner & Smith, Inc.,* 558 F.2d 831 (7th Cir.1977), Peters' state law counts are a different matter. The arbitration clause between the parties, *see* note 3, *supra,* unambiguously provides for the settlement of controversies such as the present one by arbitration.

■ It might be argued that considerations of efficiency and sound judicial administration mandate resolution of factually and legally intertwined arbitrable and non-arbitrable claims in federal court, *Sibley v. Tandy Corp.,* 543 F.2d 540 (5th Cir. 1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). However, the Seventh Circuit has held that district courts may not refuse to enforce arbitration agreements because of the joinder of a non-arbitrable federal securities claim. *Dickinson v. Heinold Securities, Inc.,* 661 F.2d 638 (7th Cir.1981). The Court dismissed the efficiency argument in *Dickinson* as "speculative." And while the Court observed that a district court has discretion to stay arbitration pending judicial resolution of non-arbitrable claims where the non-arbitrable

2. *According to the arbitration clause contained in the customer agreement that Peters signed,* Any controversy arising out of or relating to my account, to transactions with or for me or to this Agreement or the breach thereof, and whether executed or to be executed within or outside of the United States, except for any controversy arising out of or relating to transactions in commodities or contracts related thereto executed on or subject to the rules of a contract market designated as such under the Commodity Exchange Act, as amended, shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect.

3. 15 U.S.C. § 77n, provides that:
   [a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of the rules and regulations of the Commission shall be void.

issues substantially permeate the entire case, it emphasized that permeation simply permits control of the order of the two adjudications, and not adjudication of the non-arbitrable claims in federal court. *Id.* at 644. Because of the conflict between the securities and arbitration acts, bifurcation of federal and pendent state law claims is necessary. Krause, *Securities Litigation: The Unresolved Problem of Predispute Arbitration Agreement for Pendent Claims,* 29 DePaul L.Rev. 693, 716 (1980). Therefore, the motion to stay is granted as to Counts II, III and V.

For the foregoing reasons, defendants' motion is granted in part and denied in part. The motion to stay is granted as to Counts II, III and V. It is denied as to Count I. The alternative motion to dismiss is denied as to Count I and granted as to Count IV. It is so ordered.