**SPEAR, LEEDS & KELLOGG and Elliot Associates, L.P., Plaintiffs,**

**v.**

**PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Robert J. Harrison, John C. Duffett, Charles E. Bayless, D. Pierre Cameron, George Branscombe, William B. Derrickson, Hillary P. Cleveland, Fred B. Roedel, William J. Scharffenberger, William M. Scranton, Edward M. Shapiro, William C. Tallman, Hugh C. Tuttle, Philip S. Dunlap, Phillip B. Ryan, George A. Dorr, Jr. and John T. Schiffman, Defendants.**

**No. 87 Civ. 8591 (LFM).**

United States District Court, S.D. New York.

Dec. 13, 1988.

Cahill Gordon & Reindel by Thomas R. Jones, Kevin J. Burke and Dean R. Nicyper, New York City, for individual defendants.

Dickstein, Shapiro & Morin by Howard Schiffman and Sallie H. Helm, New York City, for plaintiffs.

## OPINION

MacMAHON, District Judge.

Moving defendants, individual officers and directors of defendant Public Service Company of New Hampshire ("PSNH"), move (1) to dismiss the second amended complaint for failure to plead fraud with particularity, pursuant to Rule 9(b), Fed.R. Civ.P., or, in the alternative (2) for summary judgment, pursuant to Rule 56, Fed.R. Civ.P.; (3) to dismiss plaintiffs' newly-added claim against the individual defendants as persons in control aiding and abetting the primary fraud of PSNH, pursuant to 15 U.S.C. § 20(a) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78t(a) (1982), and (4) for a protective order staying all discovery pending resolution of the motion to dismiss, pursuant to Rule 26(c), Fed.R.Civ.P. In addition, individual defendant Fred B. Roedel ("Roedel") moves to dismiss the second amended complaint as to him pursuant to Rule 12(b)(5), Fed.R. Civ.P., for insufficiency of service of process.

## BACKGROUND

We note at the outset that in June of 1988, we dismissed plaintiffs' first amended complaint for failure to plead fraud with particularity, with leave to file a second amended complaint alleging a factual basis for the conclusory allegations of scienter, the only element of particularized fraud lacking in the first amended complaint. The first amended complaint lacked any allegation of motive or gain on the part of defendant PSNH. In addition, we gave plaintiffs thirty days to perfect service on Roedel.

The second amended complaint alleges that defendants made false and fraudulent representations and omissions concerning the right to convert warrants and debentures, which plaintiffs purchased in the secondary market, into PSNH common stock, in violation of the 1934 Act, specifically, Section 10(b) and Rule 10b–5, promulgated thereunder, 17 C.F.R. § 240.10b–5. The challenged pleadings also allege a claim against the individual defendants as controlling persons of PSNH in violation of Section 20(a) of the 1934 Act. In addition, pendent state claims assert violation of the anti-fraud provisions of the New Hampshire Securities Act, N.H.Rev.Stat.Ann. §§ 421–B:3—421–B:5 (1983), common law fraud, and a breach of contract claim against PSNH alone.

## DISCUSSION

■ Movants contend that the newly-pleaded motives and gains are merely theories and hypotheses. We disagree. Plaintiffs state defendants' motives based on alleged facts and circumstances surrounding the status of PSNH shareholders' inability to convert the warrants to common stock. Plaintiffs allege that by defendants' representations, which we have previously held sufficiently particular on an earlier motion, defendants sought to, and did, artificially inflate the value of the securities, attract new financing and investments, delay the filing of legal claims against them on breach of contract or warranty theories, protect the reputation of PSNH, safeguard the positions and holdings of individual defendants as officers, directors and shareholders, and, finally, reduce PSNH's vulnerability to bankruptcy by gaining additional time to negotiate a plan for restructuring PSNH's debt. Plaintiffs have sufficiently alleged the specific benefits that PSNH gained as a result of the representations, thus supplying the necessary factual and particular showing of scienter. *Peters v. Prudential–Bache Sec., Inc.,* 572 F.Supp. 1085, 1087 (N.D.Ill.1983).

### 1. *Dismissal*

On a Rule 9(b) motion to dismiss, "a complaint must be read as a whole, drawing inferences favorable to the pleader." *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 562 (2d Cir.1985). Plaintiffs' second amended complaint gives fair and reasonable notice to defendants of the claim and the grounds upon which it is based, thus satisfying one of the main purposes of Rule 9(b), specifically, providing defendants with fair notice of the claim to enable preparation of a reasonable defense. *Credit & Finance Corp. Ltd v. Warner Swasey Co.,* 638 F.2d 563, 567 (2d Cir.1981).

### 2. *Summary Judgment*

■ The foregoing allegations raise disputed issues of material fact which necessarily defeat defendants' motion for summary judgment. Further, "summary judgment is rarely appropriate where the moving party's state of mind is a material issue." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *EEOC v. Home Insurance Co.,* 672 F.2d 252, 257 (2d Cir.1982).

### 3. *Section 20(a) claim*

■ Defendants premise their motion to dismiss the Section 20(a) claim on their now rejected hypothesis that the primary claim for violation of Section 10(b) is insufficient in law. The motion falls with the rejected premise. The pleadings sufficiently allege that PSNH and various officers and directors violated Section 10(b) as principals, and that the remaining individual defendants in a control relationship with the corporate violator are liable under Section 20(a) as aiders and abettors. *Savino v. E.F. Hutton & Co.,* 507 F.Supp. 1225, 1241–42 (S.D.N.Y.1981). We therefore deny defendants' motion for dismissal of the Section 20(a) claim.

### 4. *Discovery*

The second amended complaint having been held sufficient, defendants' motion to stay discovery is denied. All discovery should proceed forthwith and must be completed before February 10, 1989 so that the

case will be ready for trial early in March 1989.

### 5. *Service*

The second amended complaint was served one day late—July 19, 1988. Defendants now raise an issue in their briefs about the validity of service. Similarly, plaintiffs responded with a brief on the issue. We therefore treat the matter as a motion to vacate service.

■ Rule 6(b)(2), Fed.R.Civ.P., requires plaintiffs to show excusable neglect for the court to enlarge the time within which to complete service. Simple inadvertence or mistake on the part of counsel will not suffice. Counsel must show not only that he acted in good faith and with due diligence but also with a reasonable basis for believing that service was proper. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985); *Holodnak v. Avco Corp., Avco–Lycombing D., Stratford, Conn.*, 381 F.Supp. 191, 197 (D.Conn. 1974). It appears that plaintiffs' counsel made inquiries to the process server and was told that process had been completed on time—July 18, 1988—when in fact the second amended complaint had only been filed with the court, but had not been served on defendants or their attorneys. There is no showing however, that defendants have suffered any prejudice in a one-day delay. *Staggers v. Ohio Gerdau Co.*, 359 F.2d 292, 296 (2d Cir.1966) (no prejudice from two day-delay). We therefore enlarge the time *nunc pro tunc* to include the day of actual service and accordingly deny defendants' motion to quash service. Similarly we deny defendant Roedel's motion to quash service. Regrettably, our June 19, 1988 order concerning time of service on Roedel is ambiguous in that it failed to state whether the time for service ran from the date of our order or from thirty days after the filing of the second amended complaint. The ambiguity creates excusable neglect for the delay under Rule 6(b)(2), Fed.R.Civ.P. *Clements v. Florida East Coast Ry.*, 473 F.2d 668, 670 (5th Cir.1973). Moreover, the delay has not prejudiced Roedel for the statute of limita-

tions still has not run and there can be no question that he has received adequate notice of plaintiffs' claim for relief.

### CONCLUSION

Accordingly:

1. Defendants' motion to dismiss for failure to plead fraud with particularity pursuant to Rule 9(b), Fed.R.Civ.P., is denied.

2. Defendants' alternative motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is denied.

3. Defendants' motion to dismiss the claim under Section 20(a) of the 1934 Act, 15 U.S.C. § 78t(a) (1982), is denied.

4. Defendants' motion for a protective order staying all discovery pursuant to Rule 26(c), Fed.R.Civ.P., is denied. The parties are directed to proceed with discovery forthwith, to be completed on or before February 10, 1989.

5. Defendants' motion to quash service of the second amended complaint on defendant Roedel is denied. Plaintiffs are granted an enlargement of time, thereby validating service on *all* parties.

SO ORDERED.