[Civil No. 2661.   Filed February 6, 1928.]

[263 Pac. 625.]

GARDEN DEVELOPMENT COMPANY, a Corporation, Appellant, v. OLIVE CARLAW (*née* OLIVE McCARTHY), Appellee.

Messrs. Anderson & Gale, Mr. Charles R. Morfoot and Mr. Arthur F. Coe, for Appellant.

Mr. Charles L. Rawlins, for Appellee.

ROSS, C. J.—This is an appeal from an order refusing to grant appellant's motion to vacate and set aside a default judgment against it and the Warren Ranch, a corporation.

The grounds of the motion were: (1) That the appellant's default was prematurely entered; and (2) that it was taken through appellant's mistake, inadvertence, and excusable neglect.

The first ground is abandoned by appellant, it being now conceded that appellant's time to answer had expired when the default was taken and judgment entered.

For facts to support the second ground for relief, appellant relies on the pleadings, the record, and the affidavit of its vice-president, D. H. McFarland. Appellant's default was entered July 31st, 1926. August 3d appellant submitted her evidence, and judgment was entered in her favor against the Warren Ranch and appellant. Five months and twenty-four days thereafter, on, to wit, January 27th, 1927, appellant filed its motion (and supporting affidavit) to vacate judgment and tendered an answer for filing in case its motion was allowed.

It appears service of summons was made upon appellant's president at Tucson, Arizona, on June 30th, 1926; that an attorney of Los Angeles prepared an answer, and forwarded it to appellant's president at Tucson for verification; that, after the answer was verified, and on, to wit, July 29th it was sent from Tucson by registered mail to the clerk of the court at Tombstone, Cochise county, where the case was pending, but was not received by the clerk until July 31st; that no appearance fee for appellant accompanied said answer, and the same was not filed.

The excuse for delaying the preparation and mailing of the answer until the eve of default day, as stated in supporting affidavit, is that appellant's "affairs were then in a somewhat dormant state"; and the excuse for not paying the appearance fee to the clerk is that the filing of the answer was left to one Hovland, who, not being a lawyer, neglected to inclose appearance fee.

The appellant's failure to file the answer within the time allowed by law, according to the showing, was neglect, but hardly excusable neglect. It appears to be a case of postponing the preparation of an answer just as long as possible, and hazarding the chance that it would reach the clerk by mail on time to prevent default. It is as though the attorneys and officers of appellant resided in Tombstone, and on the last day for filing answer failed to do so, or to pay the appearance fee by an oversight or forgetfulness. Procrastination in filing the answer until it was too late cannot be condoned. If such a rule were allowed, then a default could be vacated for inexcusable neglect. The delay was intentional, in the sense that it was volitional or voluntary, and therefore not by mistake, inadvertence or excusable neglect.

The motion to set aside and vacate the default judgment, upon the rather tenuous grounds above stated, was not promptly made. Appellant waited for almost six months after default to ask for relief, or until almost the expiration of the time fixed by statute when such relief may be granted. Par. 600, Civ. Code of 1913. Considering the very inadequate showing made, and the tardiness of the application, we are satisfied the court, in refusing to vacate the default judgment, exercised a very proper and sound discretion.

It has been the holding of this court right along that it will not disturb the ruling of the trial court upon motion to vacate a judgment, unless it shall

appear that there has been an abuse of the court's discretion. *Lawler* v. *Bashford-Burmister Co.,* 5 Ariz. 94, 46 Pac. 72; *Copper King* v. *Johnson,* 9 Ariz. 67, 76 Pac. 594; *Arizona Mining & Trading Co.* v. *Benton,* 12 Ariz. 373, 100 Pac. 952; *Lynch* v. *Arizona Enterprise Mining Co.,* 20 Ariz. 250, 179 Pac. 956; *Security Trust & Savings Bank* v. *Moseley,* 27 Ariz. 562, 234 Pac. 828.

The appeal is not from the judgment entered against the appellant and the Warren Ranch on August 3d, 1926, but, notwithstanding, the appellant has asked us to review that judgment and make certain modifications thereof. This, we conceive, we have no jurisdiction to do upon this appeal.

The action was one to foreclose a mortgage, and the proposed answer does not deny the obligation, nor the validity of the note or mortgage, or claim that they had been paid.

Judgment affirmed.

LOCKWOOD and McALISTER, JJ., concur.