Joy ALLEN and Diana Allen, Steven Allen and Tracy Allen, Minors, by Their Guardian, ad Litem, Joy Allen, Appellants,

v.

Harold D. SCHNUCKLE, Appellee.

No. 15542.

United States Court of Appeals Ninth Circuit.

Feb. 7, 1958.

Walter H. Anderson, Gus Carr Anderson, Pocatello, Idaho, Newel G. Daines, Logan, Utah, for appellants.

Wesley F. Merrill, A. L. Merrill, R. D. Merrill, Merrill & Merrill, Pocatello, Idaho, for appellee.

Before MATHEWS, HEALY and LEMMON, Circuit Judges.

MATHEWS, Circuit Judge.

On January 27, 1956, in the United States District Court for the District of Idaho, appellants, citizens of Utah, brought an action against appellee, a citizen of Idaho, for damages in the sum of $100,000. On August 3, 1956, appellants filed an amended complaint. On August 6, 1956, appellee filed a motion to dismiss the action on the ground that the amended complaint failed to state a claim upon which relief could be granted. The District Court granted appellee's motion

and, on October 30, 1956, entered a judgment[1] dismissing the action.

On November 7, 1956, appellants filed a motion for leave to amend the amended complaint.[2] On November 9, 1956, appellants filed an amended motion for leave to amend the amended complaint.[3] On February 18, 1957, the District Court entered an order denying the amended motion.

On March 21, 1957, appellants filed a notice of appeal. Thereby appellants took two appeals—one from an order said to have been entered on February 18, 1957, and one from a judgment said to have been entered on February 18, 1957. These appeals must be dismissed for the following reasons:

■ The only order entered on February 18, 1957, was the order denying the amended motion for leave to amend the amended complaint. That order was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and was not appealable. No judgment[4] was entered on February 18, 1957.

■ The only judgment ever entered was the judgment of October 30, 1956— the judgment dismissing the action. That judgment was a final decision, within the meaning of 28 U.S.C.A. § 1291, and hence was appealable, but no appeal was taken therefrom.

■ Appellants contend that they appealed from the judgment of October 30, 1956, by filing the notice of appeal mentioned above. There is no merit in this contention. The notice of appeal did not mention or refer to the judgment of October 30, 1956. But, even if appellants had appealed from that judgment by filing that notice, such appeal would have

to be dismissed for the following reasons:

■ The time for appealing from the judgment was not extended. None of the motions mentioned in Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., was made or filed. Hence the time for appealing from the judgment expired on November 29, 1956—30 days after October 30, 1956,[5] and 112 days before the notice of appeal was filed.

■ Appellants contend that the amended motion of November 9, 1956, was a motion under Rule 59 of the Federal Rules of Civil Procedure to alter or amend the judgment; that the running of the time for appealing from the judgment was thereby terminated; and that such time did not thereafter commence to run until February 18, 1957, when the amended motion was denied.[6] There is no merit in these contentions. As indicated above, the amended motion was a motion for leave to amend the amended complaint. It said nothing about altering or amending the judgment. But, even if it had been a motion to alter or amend the judgment, and even if it had terminated the running of the time for appealing from the judgment, and even if such time had not thereafter commenced to run until February 18, 1957, such time would have expired on March 20, 1957—30 days after February 18, 1957,[7] and one day before the notice of appeal was filed.

■ As stated above, the notice of appeal was filed on March 21, 1957. However, appellants have filed in this court an affidavit stating, in substance, that the notice was delivered by one of their at-

---

1. The judgment was entitled "Order."

2. In the motion of November 7, 1956, the amended complaint was called the complaint.

3. In the amended motion, as in the motion of November 7, 1956, the amended complaint was called the complaint.

4. As used in this opinion, "judgment" includes any appealable order. See Rule 54(a) of the Federal Rules of Civil Procedure.

5. See 28 U.S.C.A. § 2107 and Rule 73(a) of the Federal Rules of Civil Procedure.

6. See Rule 73(a) of the Federal Rules of Civil Procedure.

7. See 28 U.S.C.A. § 2107 and Rule 73(a) of the Federal Rules of Civil Procedure. Rule 6(e) of the Federal Rules of Civil Procedure, cited by appellants, has no relevancy here.

torneys to an employee of the United States post office at Pocatello, Idaho, on March 20, 1957, for transmission and delivery to the clerk of the District Court at Boise, Idaho,[8] and that it could and should have been delivered to the clerk on March 20, 1957. Appellants therefore contend that the notice should be deemed to have been filed on March 20, 1957. There is no merit in this contention. The affidavit does not state, nor does it otherwise appear, that the notice was, in fact, delivered to or received by the clerk on March 20, 1957. Delivery thereof to a post office employee did not constitute a filing.[9]

Appeals dismissed.

Tuttle, Circuit Judge, dissented.

---

8. At all pertinent times, the clerk of the District Court had a deputy at Pocatello with whom notices of appeal and other court papers could be filed. Why appellants' notice of appeal was not filed with the deputy at Pocatello we are not told.

9. LeJeune v. Midwestern Ins. Co., 5 Cir., 197 F.2d 149; Kahler-Ellis Co. v. Ohio Turnpike Commission, 6 Cir., 225 F.2d 922. See also Casalduc v. Diaz, 1 Cir., 117 F.2d 915.