Joseph C. **CLEMENTS**, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

**FLORIDA EAST COAST RAILWAY COMPANY**, Defendant-Appellee.

No. 72–2504
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James W. Matthews, Miami, Fla., for plaintiffs-appellants.

Samuel S. Forman, Kenneth L. Ryskamp, Miami, Fla., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Clements sued Florida East Coast for alleged employment discrimination. The defendant moved under Fed.R.Civ.P. 41 (d) to stay the proceedings pending payment of costs assessed in an identical previous suit dismissed for Clements' failure to comply with pretrial orders. The District Court granted the motion by this order:

> This cause is before the Court on defendant's motion to stay proceedings pending payment of costs.
>
> Having considered the record in the cause, it is
>
> Ordered and adjudged that said motion is granted, and if within ninety days from the date hereof the costs heretofore taxed in Case No. 70–1770–Civ–TC have not been paid by plaintiff, this cause will be dismissed without further notice to the parties.
>
> Done and ordered at Miami, Southern District of Florida, this 15th day of December, 1971.

Although dated December 15 the order was not filed with the clerk until December 17.

On a date which appears to have been March 15, 1972, but, in any event no later than March 16, counsel for plaintiff tendered to counsel for defendant a check for the costs of the previous suit in the amount of $643.39. By letter dated March 16, counsel for defendant returned the check, the letter stating that the check had not been tendered within the time specified by the court's order and stating also that the case had been

dismissed on March 14. The latter statement was erroneous, the record revealing no such dismissal. On March 20 defense counsel filed a verified motion to dismiss the case for failure to comply with the court's *order of December 15*. The same day plaintiff's counsel filed an affidavit that the costs had been paid to defense counsel on March 15. By an order dated March 22 but filed with the clerk on March 27, the court dismissed the cause with prejudice on the ground plaintiff had failed to pay the costs as required by the *order of December 15*.

 On this appeal plaintiff contends that the time for complying with the court's order was extended for three days by reason of Rule 6(e),[1] Fed.R.Civ.P. We agree with defendant that 6(e) has no application, because the action required of plaintiff was not within a prescribed period after service of the order upon him. See Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858 (3d Cir. 1970); Allen v. Schnuckle, 253 F.2d 195 (9th Cir. 1958).

This is not, however, the end of the inquiry. If the 90-day period ran from the date of the order, *December 15,* the last day for compliance was March 14. If it ran from the date the order was filed with the clerk, *December 17,* the last day was March 16.

 At least by implication the effective date of an order is the date on which it is filed with the clerk. Rule 79 (a), Fed.R.Civ.P., requires the clerk to enter chronologically the dates of all papers, including orders, filed with him, showing for each order the substance thereof. The date of entry of the order also must be shown. In this case the court could, of course, prescribe such time period as it wished in which the costs of the first case were required to be paid, to commence on such date as it chose. The problem then is "what was the commencement date?" It does not appear that the court has squarely considered whether, bearing in mind the foregoing requirements of entry of orders by the clerk, as well as policy reasons supporting a fixed and unarguable date, the phrase "from the date hereof" means as a matter of law "from the date of entry by the clerk." In this connection, we do not know whether by local rule or custom time is ordinarily calculated from date of filing of an order, or from date of execution where earlier than date of filing.

 It appears to us that if the phrase has no such meaning as a matter of law, the court then will face the question whether as a matter of construction the order unambiguously means either date of filing or date of execution, or whether it is ambiguous and, if it is ambiguous, the meaning to be given to it. Local rule and custom may bear on this also. Finally, whether the order is ambiguous or not, the court may wish to consider whether plaintiff should be allowed relief under Rule 6(b) for "excusable neglect."

Vacated and remanded. Costs are taxed against appellant.

---

1. *"Additional Time After Service by Mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."