670 P.2d 1228

**In re the Marriage of Horace E. TODD, Jr., Petitioner-Appellant,**

v.

**Frances P. TODD, Respondent-Appellee. (Two Cases)**

**Nos. 1 CA–CIV 6589, 1 CA–CIV 6326.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 18, 1983.

David L. Curl, and Fred Belman, Tucson, for petitioner-appellant.

Hash, Cantor & Tomanek by John Tomanek, Alena Cantor, Phoenix, for respondent-appellee.

## OPINION

JACOBSON, Chief Judge.

In this consolidated appeal, the court is faced with the proper resolution of an order of this court allowing the appellant to attempt a correction of the record on appeal.

In the appeal entitled *Todd v. Todd,* 1 CA–CIV 6326, the appellant, Horace E. Todd, Jr., sought to appeal a judgment of the Maricopa County Superior Court entered on October 15, 1981, determining that Mr. Todd was in arrearage for the payment to appellee, Frances P. Todd, of her entitlement to a percentage of Mr. Todd's military retirement pay, which had been awarded to Mrs. Todd under a previous decree of divorce.

The staff of this court, in conducting a jurisdictional check of this appeal, *See 1 Arizona Appellate Handbook,* § 9.2.4.2 (1983), determined that the last date for filing an appeal from this judgment was November 16, 1981, and that the notice of appeal was stamped as having been filed in the Maricopa County Superior Court on November 17, 1981. Pursuant to court policy, a letter was written to counsel for both parties pointing out the apparent lack of jurisdiction in this court to entertain the appeal in 1 CA–CIV 6326, because of the untimely filing of the notice of appeal. *See* Rule 9, Arizona Rules of Civil Appellate Procedure; *Arizona Department of Economic Security v. Hall,* 120 Ariz. 514, 586 P.2d 1326 (App.1978).

The appellant then filed a motion in this court seeking permission to allow the appeal to proceed on the grounds that the stamped filing date on the notice of appeal was in error and that in fact, the notice of appeal had been timely filed in the Maricopa County Superior Court. By order of this court the motion to permit the appeal to proceed was denied without prejudice. In addition, the appellate proceedings in 1 CA–CIV 6326 were stayed and jurisdiction was revested in the superior court to entertain a motion by the appellant to correct the record on appeal, that is, to determine the correct date of the filing of the notice of appeal. The order authorized the superior court to conduct a factual hearing to determine whether the stamped filing date appearing on the notice of appeal was in error and if the notice of appeal had been timely filed. It further provided for revesting of jurisdiction of the appeal in this court on a date certain, provided for the eventuality of the record on appeal being corrected and further provided that in the event the trial court determined that the notice of appeal was deemed untimely by the trial court, that the appeal in 1 CA–CIV 6326 would be dismissed.

Pursuant to this order, the appellant duly moved the trial court for an order correcting the record on appeal. This matter was heard by the trial court, basically by way of affidavits. The affidavits showed: that the

notice of appeal was sent by first class postage by appellant's counsel in Tucson, Arizona, to the Maricopa County Superior Court in Phoenix, Arizona, on November 6, 1981; that a copy of that notice was sent to appellee's counsel on the same day and that opposing counsel received his copy on November 9, 1981 (three days after mailing and seven days prior to the expiration of the time to file an appeal); and that accompanying the notice of appeal was a procedural motion which was not ruled on until November 25, 1981. The trial judge who ruled on the procedural motion (a judge other than the one who ruled on the motion to correct the record) was of the opinion, based upon his knowledge of the internal workings of the Maricopa County Superior Court Clerk's office, that in order for him to rule on the procedural motion on November 25, 1981, that motion would normally have to be filed in the clerk's office not later than November 14, 1981. In fact, the procedural motion shows a filing date of November 25, 1981, the same date the motion was denied. Based upon this record, the trial judge who heard the motion to correct the record on appeal denied the motion.

Appellant's response to this denial was twofold. First, he filed a notice of appeal from the denial of his motion to correct the record which subsequently became this court's cause No. 1 CA–CIV 6589, and, second, he moved to continue the stay in 1 CA–CIV 6326, pending the outcome of the appeal in 1 CA–CIV 6589. Appellant further requested that appeals Nos. 6589 and 6326 be consolidated. There being no response to the motion to stay, this court granted a continued stay of proceedings in 1 CA–CIV 6326, but denied without prejudice the motion to consolidate on the grounds that the appeal in 1 CA–CIV 6589,

at the time of the motion, was not at issue, and granted leave to renew the motion to consolidate when both appeals became ripe for disposition. No new motion to consolidate was filed.

In due course, the appeal in 1 CA–CIV 6589 came before the court for disposition without oral argument. The sole issue raised in that appeal was the propriety of the trial court's denial of appellant's motion to correct the record on appeal in 1 CA–CIV 6326. In the meantime, because of the court's previous stay order, the appeal in 1 CA–CIV 6326 has languished. Neither party has taken any further action in connection with either appeal.[1]

Nevertheless, it is the obligation of this court to dispose of the appeals filed in this court, and because the procedural order in question is frequently utilized by this court, the matter may have interest to the bar in general.

### 1 CA–CIV 6589

The order sought to be appealed in this cause number is an order denying appellant's motion to correct the record on appeal. In the first instance, the court is required to ascertain its own jurisdiction. *In re McCabe's Estate,* 11 Ariz.App. 555, 466 P.2d 774 (1970). Such an inquiry in this case requires a determination of whether the order sought to be appealed is appealable under A.R.S. § 12–2101, the right to appeal being strictly statutory. *Sarwark v. Thorneycroft,* 123 Ariz. 1, 596 P.2d 1173 (App.1979), *approved* 123 Ariz. 23, 597 P.2d 9 (1979).

A.R.S. § 12–2101 provides, in the only sections conceivably applicable to the type of order involved here, that an appeal may be taken:

---

1. The inactivity by the parties in connection with either appeal is understandable in view of the issues raised in the primary appeal, 1 CA–CIV 6326. In that appeal, the husband seeks to overturn a prior divorce granting his former wife a community interest in his military retirement pay, under the authority of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69

L.Ed.2d 589 (1981). This issue has subsequently been determined adversely to appellant's position in *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291 (App.), *aff'd,* 133 Ariz. 87, 649 P.2d 290 (1982). Being a loser in that appeal, the issue of whether the record in 1 CA–CIV 6326 is correct, is somewhat academic.

C. From any special order made after final judgment

\* \* \* \* \* \*

E. From a final order ... upon a summary application in an action after judgment.

In our opinion, these subsections do not make the order sought to be reviewed here appealable. Both subsections C and E deal with after judgment action *by the trial court acting as a trial court.* Both subsections affect rights of parties before the trial court, prior to appellate intervention. The order sought to be reviewed is not an order by the trial court acting as a superior court, but rather is merely a procedural device to determine whether an appeal will lie in the appellate court. While the motion is designated as one to correct the record on appeal, it is in actuality a motion to ascertain the jurisdiction of this appellate court. Since the appellate court must determine its own jurisdiction, the superior court, in this instance, acting as a fact finding body, is merely assisting the appellate court in making that factual determination. In this sense, the superior court acts as an arm of the appellate court for the limited purposes of acting as a trier of fact for the appellate court which lacks the facilities to conduct such an evidentiary inquiry. It follows that an order entered by the trial court, when acting in this limited capacity, is, in essence, in the nature of an appellate master's report and therefore is not "appealable" under A.R.S. § 12–2101 as an order of the superior court.

Hence, the appeal in 1 CA–CIV 6589 must be dismissed for lack of an appealable order.

### 1 CA–CIV 6326

■ What we have said concerning the function of the superior court in assisting the appellate court in ascertaining its own jurisdiction under this type of procedural order, does not mean that the "master's findings" are not reviewable. While the appellate court must have inherent power to call upon other judicial bodies to assist it in its appellate function, the final authority to determine its own jurisdiction rests with the appellate court itself. *See In Re Maricopa County Juvenile Action No. J–84536–S,* 126 Ariz. 546, 617 P.2d 54 (App.1979). In exercising that authority, the appellate court must of necessity, when called upon to do so, review the decisions of those upon whom it relied in making that determination.

The proper procedure to invoke such a review is to request the appellate court in the form of a motion in that appeal to review the sufficiency or propriety of the fact finding body's determination. Such a procedure allows the appellate court to resolve all issues dealing with its jurisdiction within the framework of the appeal which triggered the problem.

Since the problem presented here has not been ruled on before and the procedures adopted are newly fashioned to deal with this matter, in the interest of justice we will consider the issues raised in 1 CA–CIV 6589, as being presented to the court in 1 CA–CIV 6326. We therefore reach the merits of whether the trial court's factual determination that the notice of appeal was untimely filed is supported by the evidence.

■ While the evidence would support a *prima facie* showing that the notice of appeal was timely mailed from Tucson, Arizona, there is no evidence to indicate that this mailing was timely received in the Maricopa County Superior Court. The notice of appeal was sent along with a procedural motion which required action by the Maricopa County Superior Court. That procedural order was stamped as having been filed on November 25, 1981, the same date it was ruled upon. Moreover, that procedural motion requested that the time for taking appeal be enlarged (that is, extended beyond the statutory time limits), on the ground that appellant desired to take a special action to the supreme court and wanted the trial court to "stay further appellate pro-

ceedings." Under these circumstances, the trial court was left with the dilemma of determining whether the untimely filing (the notice of appeal having been stamped as received by the Maricopa County Superior Court Clerk's office on November 17, 1981), was the result of the inefficiency of the United States mail or the inefficiency of the clerk's office. There being no evidence either way, the trial court properly determined that the appellant had not sustained his burden of proof that the notice of appeal had been timely received by the clerk's office in view of positive evidence to the contrary.

This determination is supported by the evidence. Since the timely filing of a notice of appeal is a prerequisite to the exercise of this court's appellate jurisdiction, *Patterson v. Patterson,* 102 Ariz. 410, 432 P.2d 143 (1967), we lack jurisdiction in 1 CA–CIV 6326, and the appeal must be dismissed.

In summary, 1 CA–CIV 6589 is dismissed for lack of an appealable order; 1 CA–CIV 6326 is dismissed for lack of jurisdiction.

KLEINSCHMIDT, P.J., and YALE McFATE, Judge, (retired).

*Note:* The Honorable YALE McFATE, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.