■ JEAN PHILIPPE, Appellant, v STATE OF NEW YORK, Respondent. [669 NYS2d 759] —Spain, J. Appeal from an order of the Court of Claims (Benza, J.), entered September 19, 1996, which, *inter alia*, granted the State's cross motion to dismiss the claim for lack of personal jurisdiction.

Claimant, an inmate at Franklin Correctional Facility in Franklin County, seeks to recover damages for injuries he sustained on March 19, 1996 following an assault by a fellow inmate. Claimant contends that the State was negligent because at the time of the assault a correction officer was not at his assigned post located a few feet away from where the assault took place. On April 20, 1996, claimant mailed, by ordinary mail, a notice of intention to file a claim to the Attorney-General's office. On May 16, 1996, claimant served his claim on the State by regular mail. Thereafter, claimant moved to amend his claim to, *inter alia*, comply with the statutory service requirements. The State opposed the motion and cross-moved for a dismissal of the claim on the ground that the claim was jurisdictionally defective for failure to properly serve the Attorney-General. The Court of Claims granted the State's cross motion, thereby rendering claimant's motion academic. This appeal by claimant ensued.

Court of Claims Act § 11 (a) provides, in pertinent part, that the notice of intention to file a claim and the claim "shall be served personally or by certified mail, return receipt requested, upon the attorney general". Generally, the use of ordinary mail to serve the claim upon the Attorney-General is insufficient to acquire jurisdiction over the State (*see, Bogel v State of New York*, 175 AD2d 493, 494). Inasmuch as claimant concedes that he "failed to properly serve the [State]", we conclude that the Court of Claims properly dismissed the claim (*see, id.; Baggett v State of New York*, 124 AD2d 969, 970).

Claimant attempts to argue that the State is estopped from raising a jurisdictional defect, alleging that a prison official failed to abide by his request that the claim be sent by certified mail, return receipt requested. Inasmuch as claimant raises this estoppel argument for the first time on appeal, we find that it has not been preserved for our review (see, Burns v Young, 239 AD2d 727, 729; General Elec. Tech. Servs. Co. v Clinton, 173 AD2d 86, 89, lv denied 79 NY2d 759). In any event, we note that in opposing the State's cross motion, claimant asserted that the failure to serve the Attorney-General by certified mail was due to the fact that he was forced to "rely on those unfamiliar with legal procedure to assist him in filing his original claim", referring only to the assistance he received from a fellow prisoner assigned to the correction facilities' law library. Moreover, claimant's reliance on Houston v Lack (487 US 266) and Dory v Ryan (999 F2d 679, mod on reh 25 F3d 81) is misplaced inasmuch as "the [New York] statutes governing filing and service of the papers initiating Court of Claims actions do not approximate, much less mirror, the Federal rules considered in Houston and Dory (supra)" (Espinal v State of New York, 159 Misc 2d 1051, 1054).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.