SUPREME COURT OF ARIZONA
En Banc

JAMES L. LEE, individually and ) Arizona Supreme Court
as the surviving husband of ) No. CV-07-0293-PR
TERESA C. LEE, deceased; KYUNG )
HEE KIM and TAE GUN KIM, ) Court of Appeals
children of HYEON BAI KIM and ) Division One
KYUNG NIM BEA KIM, deceased, ) No. 1 CA-CV 06-0145
)
          Plaintiffs-Appellants, ) Maricopa County
) Superior Court
                    v. ) No. CV2005-012207
)
STATE OF ARIZONA, a governmental )
entity, )
) **O P I N I O N**
          Defendant-Appellee. )
)
_____)

Appeal from the Superior Court in Maricopa County
The Honorable Kenneth L. Fields, Judge

**REVERSED AND REMANDED**
_____

Opinion of the Court of Appeals, Division One
215 Ariz. 540, 161 P.3d 583 (2007)

**VACATED**
_____

LAW OFFICE OF SCOTT E. BOEHM, P.C.                          Phoenix
     By   Scott E. Boehm

And

LAW OFFICE OF GLYNN W. GILCREASE, P.C.                        Tempe
     By   Glynn W. Gilcrease, Jr.
          Peter M. Gorski
Attorneys for James L. Lee, individually and as the
surviving husband of Teresa C. Lee, deceased; Kyung
Hee Kim and Tae Gun Kim, children of Hyeon Bai Kim and
Kyung Nim Bea Kim, deceased

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   George Crough, Assistant Attorney General
          Daniel P. Schaack, Assistant Attorney General
          Catherine O'Grady, Special Assistant Attorney
          General
Attorneys for the State of Arizona

LAW OFFICES OF CHARLES M. BREWER, LTD.                     Phoenix
     By   Charles M. Brewer
          John B. Brewer
          David L. Abney
          Dane L. Wood
Attorneys for Amicus Curiae Charles M. Brewer, Ltd.

JONES, SKELTON & HOCHULI, P.L.C.                           Phoenix
     By   Eileen Dennis GilBride
          Lori L. Voepel
Attorneys for Amici Curiae Arizona Counties Insurance Pool,
Arizona School Risk Retention Trust, and City of Phoenix

_____

**B A L E S**, Justice

¶1      Before suing the state or its subdivisions, a person generally must file a notice of claim with the prospective defendant in compliance with Arizona Revised Statutes ("A.R.S.") section 12-821.01(A) (2003).  We hold that proof of mailing a notice of claim may create a material issue of fact as to its filing even though the State denies receiving the notice.

                              **I.**

¶2      James Lee's car crashed through a highway guardrail; the accident seriously injured Lee and resulted in the death of three passengers.  Lee and representatives of the passengers (collectively "Lee") filed a complaint against the State,

alleging negligent design, construction, and maintenance of the roadway and guardrail. The State moved to dismiss the complaint, claiming it never received a notice of claim as required by A.R.S. § 12-821.01(A).

**¶3** In response, Lee submitted a "proof of service" signed under penalty of perjury by a staff member of his attorney's firm, attesting that the notice had been sent to the attorney general via regular United States mail more than a week before the statutory deadline for its receipt. *See* A.R.S. § 12-821.01(A) (requiring filing of claim "within one hundred eighty days after the cause of action accrues"). The superior court granted the State's motion and dismissed Lee's claim.

**¶4** The court of appeals affirmed, reasoning that the statute required Lee to show that the notice actually arrived at the attorney general's office without relying on the common law rule that a letter properly mailed is presumed to reach its destination. *Lee v. State*, 215 Ariz. 540, 543 ¶¶ 10-12, 161 P.3d 583, 586 (App. 2007). Because Lee had no evidence of delivery other than the fact of mailing, the court concluded that the "plaintiffs did not raise a material question of fact regarding whether the State actually received their notice." *Id*. at 545 ¶ 17, 161 P.3d at 588.

3

¶5         We accepted review to address this issue of statewide importance.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

**II.**

**A.**

¶6         Arizona law requires that "[p]ersons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil procedure." A.R.S. § 12-821.01(A).  If a claimant fails to file the notice of claim as required, the claim is barred.  *Id.*

¶7         Both Lee and the State agree that "file" means actual delivery of the notice of claim to a person authorized to accept service.  Both also agree that Lee was free to use regular mail to accomplish the filing.  The dispute turns on the proof required to show that a filing occurred when the State denies receiving the notice of claim.  The State argues that if it denies receipt and the claimant lacks contrary evidence other than proof of mailing, the claim must be dismissed under A.R.S. § 12-821.01(A).  We disagree.

¶8         We have long recognized what is best termed a "mail delivery rule."  This common law rule has two components: one a presumption, and one a rule regarding the sufficiency of evidence.  Under the mail delivery rule, there is a presumption

4

that a "letter properly addressed, stamped and deposited in the United States mail will reach the addressee." *State v. Mays*, 96 Ariz. 366, 367-68, 395 P.2d 719, 721 (1964); *see also Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) ("The rule is well settled that if a letter properly directed is proved to have been . . . put into the post-office . . . it is presumed . . . that it reached its destination . . . ."). That is, proof of the fact of mailing will, absent any contrary evidence, establish that delivery occurred. If, however, the addressee denies receipt, the presumption of delivery disappears, but the fact of mailing still has evidentiary force. *Andrews v. Blake*, 205 Ariz. 236, 242 ¶ 22 n.3, 69 P.3d 7, 13 n.3 (2003). The denial of receipt creates an issue of fact that the factfinder must resolve to determine if delivery actually occurred. *Id.*

¶9     The State argues that the mail delivery rule has no effect here because A.R.S. § 12-821.01(A) requires that a claimant "file" the notice of claim. This language, the State contends, means that Lee must present direct evidence that the notice was timely delivered, for instance, by presenting evidence of the receipt of a claim sent by certified mail or of physical delivery by the claimant or a courier. In other words, the State interprets "file" as implicitly limiting the type of proof that will suffice to show delivery of the notice.

¶10　　　By their terms, however, neither the word "file" nor the statute as a whole speaks to the proof required to show delivery. The State would have us read into the word "file" not only the requirement of actual delivery, but also an abrogation of the long-held understanding that mail properly sent will reach its destination. Such an interpretation goes against our prior conception of the mail delivery rule. In *Andrews*, we noted that the presumption would apply even though we interpreted the lease-option contract at issue to require "actual receipt . . . of [the lessee's] written exercise of the option." 205 Ariz. at 241 ¶ 18, 69 P.3d at 12. The State attempts to distinguish *Andrews* because it concerned a private contract rather than a specific statutory filing requirement. This distinction is unpersuasive. *Andrews* is instructive precisely because it demonstrates that an "actual receipt" requirement, like the one imposed by A.R.S. § 12-821.01(A), is compatible with the mail delivery rule.

¶11　　　Indeed, the State's interpretation ignores the logic underlying the mail delivery rule. The rule is not a legal fiction; it reflects the commonly recognized fact that the mail almost always works. Thus, although a denial of receipt rebuts the legal presumption that a piece of mail was received, a factfinder may still infer from the fact of mailing that the mail did reach its destination. That is, even absent *any*

6

presumption of receipt, mailing remains probative evidence that a letter was actually delivered to the designated recipient.

¶12    The legislature could have specified what sort of delivery constitutes a filing, or restricted the evidence relevant to showing something was filed, but it did not. New York law, for example, requires many claims to "be filed with the clerk . . . and . . . served upon the attorney general . . . either personally or by certified mail, return receipt requested." N.Y. Ct. Cl. Act § 11(a)(i) (McKinney Supp. 2008). In New York, regular mail is therefore an insufficient method of filing a claim against the state and is not evidence that something was filed. *See Philippe v. State*, 669 N.Y.S.2d 759, 760 (App. Div. 1998) (affirming dismissal when claimant used ordinary mail to serve the state). In contrast, Arizona law does not require formal service and allows claimants to mail their notices to the state.[1]

¶13    The dissent argues that the statute precludes Lee from relying on proof of mailing because it requires a claimant to "file . . . as set forth in the Arizona rules of civil procedure." A.R.S. § 12-821.01(A). Dissent ¶¶ 26-28. The dissent's reading of the statute omits critical language.

---

[1]    The State encourages claimants to mail their notices: the attorney general's standard notice of claim form instructs claimants to mail the form to the attorney general.

Claimants must "file claims *with the person or persons authorized to accept service for the public entity or public employee* as set forth in the Arizona rules of civil procedure." *Id*. (emphasis added). Arizona Rules of Civil Procedure 4.1(h)-(j) clearly "set forth" the "person or persons authorized to accept service" for various public entities. By contrast, nothing in the rules defines how filing must occur. The rules do not prohibit mail as a form of filing nor do they indicate that mailing, though probative, is inadmissible to prove filing. We agree with the dissent that to successfully file requires receipt, but we decline to interpret "file" to forbid a claimant from proving a contested filing by pointing to the fact of mailing.

¶14      The dissent believes that the reference to the rules of procedure "mandates that we treat the filing requirement under the notice of claims statute in the same manner as we and other jurisdictions have consistently treated filing with a court." Dissent ¶ 32. The dissent then points to several cases that refuse to "apply the mailbox rule to the filing of a document with the clerk of court." *Id*. These cases, however, are inapposite because of the differences between a court clerk and a party to the litigation.

¶15      Lee's position with respect to the State is not "identical to that of a civil litigant filing a document with

8

the clerk of court." Dissent ¶ 34. The clerk of the superior court, for example, is a constitutionally authorized officer of a neutral body, one who is statutorily required to "take charge of and safely keep . . . all books, papers and records which may be filed." A.R.S. § 12-282(A) (2003 & Supp. 2007); Ariz. Const. art. 6, § 23. There is no similar position in the attorney general's office or in many of the local-level public offices that accept notices of claim.

¶16 A government office's inability to locate a notice of claim may indicate it was never received, but it may also indicate that it was received and later misplaced. Which conclusion is more plausible in any given case will depend on the circumstances of the initial mailing and the intended recipient's procedures, if any, for recording the receipt of mail.

¶17 The notice of claims statute directs claimants to file with a potential defendant. We do not think that the statute (either as drafted or as elided by the dissent) requires a court to treat a defendant's denial of receipt as dispositive, just as we do not treat the plaintiff's proof of mailing as conclusively establishing that the filing did occur when receipt is denied. This is the sort of factual dispute appropriate for resolution

by a factfinder.[2]  The State and its amici also urge the Court to adopt the State's interpretation of "file" because it best serves the purposes of A.R.S. § 12-821.01.  A notice of claim serves to give the government notice of potential liability, an opportunity to investigate claims, the chance to avoid costly litigation through settlement, and assistance in budgeting. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6, 152 P.3d 490, 492 (2007).  The State and amici argue that these purposes can be met only if the State actually receives the notice; thus, the claimant should bear the full risk of ensuring actual receipt without resort to the mail delivery rule.

**¶18**     There is some force to the State's policy arguments but we are not convinced they are embraced in A.R.S. § 12-821.01(A).  We agree that the statutory intent can be served only if the State receives the notice of claim, but absent a clearer legislative directive than the word "file," we will not deprive Lee of the benefit of the mail delivery rule, a

---

[2] We decline to address whether a plaintiff's compliance with the requirements of A.R.S. § 12-821.01(A) regarding timely delivery of the notice of claim is an issue for the court or for the jury because the parties did not contest this issue below.  *Compare Bonner v. Minico, Inc.*, 159 Ariz. 246, 254, 766 P.2d 598, 606 (1988) (noting that the trial court may resolve "jurisdictional issues, including those which involve disputed issues of fact" which do not go to the merits of the case), *with Pritchard v. State*, 163 Ariz. 427, 433, 788 P.2d 1178, 1184 (1990) (concluding that compliance with former version of the notice of claims statute was procedural and not jurisdictional).

"traditional means of weighing evidence in order to determine whether receipt occurred." *Barnett v. Okeechobee Hosp*., 283 F.3d 1232, 1239 (11th Cir. 2002) (internal quotation marks and citation omitted).

¶**19**     We hold that a filing under A.R.S. § 12-821.01(A) may be accomplished through the regular mail, and proof of mailing is evidence that the governmental entity actually received the notice.  The implications of our holding are straightforward.  If a claimant presents proof of proper mailing – timely sent, correctly addressed, and postage paid – and the public entity denies receipt, it is for the factfinder to determine if the claim was in fact received within the statutory deadline.  If the claim was so received, and otherwise satisfies the statutory requirements, then the claimant may pursue the case on the merits.  In contrast, despite facts from which a reasonable factfinder could conclude the notice of claim did reach the public entity, the dissent would extinguish the claim based merely on a defendant's testimony that it has no record of receipt.

**B.**

¶**20**     Because we conclude that proof of mailing is evidence that the State received Lee's notice of claim, we must determine whether the trial court properly dismissed Lee's lawsuit.  We

11

treat the State's motion to dismiss as one for summary judgment because the parties presented material outside the pleadings. Ariz. R. Civ. P. 12(b). Judgment for the State is therefore appropriate only if there are no genuine issues of material fact and, with all reasonable inferences drawn in favor of Lee, a reasonable factfinder could agree only with the State's position. Ariz. R. Civ. P. 56(c); *see Orme Sch. v. Reeves*, 166 Ariz. 301, 309-10, 802 P.2d 1000, 1008-09 (1990).

¶21 The State supported its motion by submitting an affidavit from an employee of the attorney general's office who avowed that she searched the office's record of notices received and found none from Lee. Lee, in turn, provided a "proof of service" signed under penalty of perjury and created on the day the notice was purportedly mailed, indicating that Lee's attorney sent the notice, postage prepaid, to the attorney general well before the deadline for its receipt.

¶22 Applying the mail delivery rule as outlined in *Andrews v. Blake*, a reasonable factfinder could reject the State's contention that a notice was never filed. After Lee presented proof sufficient to establish the mailing of the notice of claim, the State's denial of receipt rebutted the otherwise conclusive presumption of delivery, but did not conclusively establish non-receipt. Rather, Lee's proof of mailing and the State's denial of receipt created a material issue of fact.

12

¶23     For the foregoing reasons, we reverse the judgment of the superior court, vacate the opinion of the court of appeals, and remand to the superior court for proceedings not inconsistent with this opinion.


_____
W. Scott Bales, Justice

CONCURRING:


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


**M c G R E G O R**, Chief Justice, dissenting:

¶24     I respectfully dissent.  The majority holds that a claimant's assertion that he timely mailed a claim against the state is sufficient, if accepted by a trier of fact, to establish that the claimant complied with the filing requirement of A.R.S. § 12-821.01.A, even if the claimant provides no evidence to counter the state's assertion that it did not receive the claim.  In my view, that holding fails to give effect to the language and purpose of the statute, extends the

application of the mailbox rule far beyond its prior use in Arizona, and adopts an approach overwhelmingly rejected by other jurisdictions applying comparable notice of claim statutes. I would conclude that the filing requirement of § 12-821.01.A precludes use of the mailbox rule and that evidence of mailing alone, therefore, neither satisfies the statute's filing requirement nor creates a material issue of fact.

**I.**

**A.**

¶25     The legislature directs the manner in which a claimant may bring suit against the state. Ariz. Const. art. 4, pt. 2, § 18; *see State v. Barnum*, 58 Ariz. 221, 231, 118 P.2d 1097, 1101 (1941) (stating that the state is immune from suit "except upon its own terms and conditions"). In A.R.S. § 12-821.01, the legislature set forth specific requirements with which a claimant must strictly comply:

> Persons who have claims against a public entity or a public employee *shall file* claims with the person or persons authorized to accept service for the public entity or public employee *as set forth in the Arizona rules of civil procedure* . . . .

A.R.S. § 12-821.01.A (emphasis added). Unless a claimant strictly complies with the statute's filing requirement, a claim against the state is statutorily barred. *Id.; Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 299 ¶ 21,

14

152 P.3d 490, 496 (2007) (requiring strict compliance and rejecting reasonableness standard); *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 10, 144 P.3d 1254, 1256 (2006) (requiring strict compliance and rejecting actual notice and substantial compliance). In determining the meaning of the term "file," the Court must "give effect to the legislature's intent," *Parrot v. DaimlerChrysler Corp.*, 212 Ariz. 255, 257 ¶ 7, 130 P.3d 530, 532 (2006) (citation omitted), looking first to the statutory language as the "most reliable index of a statute's meaning," *Houser*, 214 Ariz. at 296 ¶ 8, 152 P.3d at 493.

¶26 The majority justifies its expansive interpretation of the statute's filing requirement and the mailbox rule by noting that the legislature could have restricted the meaning of "file" but did not. Op. ¶ 12. But the legislature did clearly restrict the definition of "file." It did so by requiring that a claimant file his notice of claim "as set forth in the Arizona rules of civil procedure."[3] A.R.S. § 12-821.01.A. The statutory

---

[3] The majority opinion argues that this interpretation misreads the statute because the phrase "as set forth in the Arizona rules of civil procedure" must apply only to the phrase "person or persons authorized to accept service for the public entity" and not to the term "filing." Op. ¶¶ 13-17. The absence of commas in the relevant portion of the statute, however, makes the better reading of the statute that the phrase "as set forth in the rules" applies to the main clause that precedes it. That

15

language mandates a filing requirement consistent with that required under the rules of civil procedure for commencing an action. *See* Ariz. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

¶27     The meaning of "file" within the rules of civil procedure is neither obscure nor open to question. Traditionally, "file" requires actual delivery and receipt of a claim.     *See Houston v. Lack*, 487 U.S. 266, 274 (1988) (acknowledging the "general rule" that receipt by a court clerk constitutes filing); *United States v. Lombardo*, 241 U.S. 73, 76 (1916) ("Filing . . . is not complete until the document is delivered and received.  'Shall file' means to deliver to the office, and not send through the United States mails."); *Casalduc v. Diaz*, 117 F.2d 915, 916 (1st Cir. 1941) ("'Filing' means delivery of the paper into the actual custody of the proper officer."); *Creasy v. Coxon*, 156 Ariz. 145, 148, 750 P.2d 903, 906 (App. 1987) ("[T]he claimant must show that delivery was actually made.").

---

is, the statute directs that "persons . . . shall file claims . . . with the person authorized to accept service . . . as set forth" in the rules of civil procedure.   If the legislature intended that the "as set forth" phrase modify only the "with the person" phrase, the statute should have referred to the "person set forth" in the rules, rather than use the phrase "as set forth in the rules."   The use of *as* implies that all the matters that come before should be done *as set forth* in the rules of procedure.

16

¶28     The mailbox rule simply does not apply to determine whether a document was "filed."  As far as I can determine, Arizona has never applied the mailbox rule to extend the time for filing a document used to initiate a civil proceeding and has never regarded a mailing affidavit as evidence sufficient to establish actual delivery and receipt.  None of the authorities relied upon by the majority even suggest that the mailbox rule applies to a claim "filed" in accord with the rules of civil procedure.  Rather, the cases the majority cites apply the mailbox rule to establish *a party's receipt* of various documents.  *See Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) (using the mailbox rule to show the plaintiff's receipt of letters mailed to him); *Andrews v. Blake*, 205 Ariz. 236, 242 n.3 ¶ 22, 69 P.3d 7, 13 n.3 (2003) (allowing the mailbox rule to create a presumption of receipt by the plaintiff of the defendant's letter exercising an option to purchase land); *State v. Mays*, 96 Ariz. 366, 367-69, 395 P.2d 719, 720-22 (1964) (applying the mailbox rule to show notice of a closed bank account to support a conviction of drawing checks with the intent to defraud).

¶29     Courts most frequently consider the relationship between mailing and filing when documents are mailed within the time permitted for filing, but are received after the deadline for filing has passed.  In such cases, Arizona courts have

17

consistently rejected the suggestion that mailing a document within the requisite time limit constitutes timely filing. In 1928, for example, this Court refused to set aside a default judgment in *Garden Development Company v. Carlaw*, 33 Ariz. 232, 234, 263 P. 625, 625 (1928). In *Carlaw*, the Court concluded that the appellant, who waited "until the eve of default day" to mail his answer, which was received late by the clerk, was not excused of his untimely filing. *Id.* By waiting to mail the document, the appellant was "hazarding the chance that it would reach the clerk by mail on time to prevent default." *Id.*

¶30    The court of appeals has also held that mailing within a time limit does not satisfy a timely filing requirement. In *Todd v. Todd*, the appellant mailed a notice of appeal, which the clerk's office stamped as having been filed one day late. 137 Ariz. 404, 407-08, 670 P.2d 1228, 1231-32 (App. 1983). The court stated: "While the evidence would support a *prima facie* showing that the notice of appeal was timely mailed . . . there is no evidence to indicate that this mailing was timely received in the Maricopa County Superior Court." *Id.* at 407, 670 P.2d at 1231. The appellant, thus, did not sustain his burden of proof that the notice was timely received. *Id.* at 408, 670 P.2d at 1232.

¶31    In an analogous case, *Smith v. Industrial Commission*, the court of appeals refused to interpret a workers'

18

compensation statute as equating mailing with applying for a petition for a writ of certiorari. 27 Ariz. App. 100, 101-02, 551 P.2d 90, 91-92 (1976). The relevant statute in *Smith* stated that a decision became final unless a party applied for a writ of certiorari within thirty days. *Id.* at 101, 551 P.2d at 91. The petitioner argued that his petition for writ of certiorari, mailed within the thirty-day period, satisfied the statute because the statute required only that he "apply," as opposed to "file" his petition within thirty days. *Id.* at 101-02, 551 P.2d at 91-92. The court rejected his contention, reasoning that "[t]here is nothing in the meaning of the word 'apply' which would permit compliance by mailing any more than there is in the word 'file.' Moreover, we are referred to no instances where court proceedings are deemed commenced by the act of mailing." *Id.* at 102, 551 P.2d at 92. The court concluded: "To read the word 'apply' as petitioner would have us read it would be to indulge in verbal legerdemain." *Id.*

¶32 Other jurisdictions also have repeatedly refused to apply the mailbox rule to the filing of a document with the clerk of court. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006) ("The posting of papers addressed to the clerk's office does not constitute 'filing.'"); *McIntosh v. Antonino*, 71 F.3d 29, 36-37 (1st Cir. 1995) (documents not timely filed when mailed on the last day of the statute of

19

limitations, and received on the following day); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline."); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) ("[S]imply depositing the notice in the mail is not the same as filing it."); *In re Bad Bubba Racing Prods., Inc.*, 609 F.2d 815, 816 (5th Cir. 1980) (recognizing the "'well-established' principle" that "deposit of notice in the mail is not equivalent to filing it"); *Allen v. Schnuckle*, 253 F.2d 195, 197 (9th Cir. 1958) ("Delivery . . . to a post office employee did not constitute a filing."); *see also* Charles Alan Wright & Arthur R. Miller, 16A *Federal Practice and Procedure* § 3949.1 (3d ed. 1999) (stating the general rule that "deposit in the mail is not sufficient of itself to constitute filing with the clerk" and the "one exception" for pro se inmates). The legislative direction that claims be "filed" as required by the rules of procedure, made in the plain language of A.R.S. § 12-821.01.A, mandates that we treat the filing requirement under the notice of claim statute in the same manner as we and other jurisdictions have consistently treated filing with a court.

¶**33**    Until today's decision, the sole exception to the formal filing requirement involved the "prisoner mailbox rule," recognized by the United States Supreme Court in 1988. *See*

20

*Houston*, 487 U.S. at 276. Under this exception, pro se inmates can comply with a "filing" requirement by delivering a document "to the prison authorities for forwarding to the court clerk." *Id.* In reaching its decision, the Court discussed the "large body of lower court authority" that has rejected the mailbox rule, *id.* at 274, and contrasted the unique situation of pro se inmates with that of general civil litigants, *id.* at 270-71, 275. Unlike pro se inmates, the Court explained, civil litigants are not forced to risk their filings with "the vagaries of the mail and the clerk's process for stamping incoming papers," but instead "can follow [their] progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice." *Id.* at 271. Arizona has applied the prisoner mailbox rule of *Houston* on several occasions. *See State v. Goracke*, 210 Ariz. 20, 23 ¶ 10, 106 P.3d 1035, 1038 (App. 2005) (petition for review to the Arizona Supreme Court); *State v. Rosario*, 195 Ariz. 264, 266 ¶ 10, 987 P.2d 226, 228 (App. 1999) (petition for post-conviction relief); *Mayer v. State*, 184 Ariz. 242, 244, 908 P.2d 56, 58 (App. 1995) (notice of appeal). We have not, however, adopted any other exception under which mailing a document fulfills a requirement that the document be filed.

¶**34**     I see no justification for expanding the pro se inmate exception to claimants under A.R.S. § 12-821.01.A.  The situation of an ordinary claimant submitting a notice of claim to the state is identical to that of a civil litigant filing a document with the clerk of court.  Ensuring that the state receives a notice of claim is an easy task.  Like a civil litigant, a claimant can personally deliver the claim, send the claim via certified mail, or contact the state to verify receipt of the claim.  Although a claimant is free to choose to send a claim by regular mail, that choice does not excuse the failure of the claimant or his attorney to ascertain whether the state received the claim.  Given the plain language of the statute, it is not for this Court to excuse a claimant or his lawyer from complying with the statutory requirements.[4]

**B.**

¶**35**     The majority's approach not only fails to follow the clear language of the statute by "reading out" the requirement that claims be filed as required by the rules of civil procedure, but also chooses an interpretation inconsistent with

---

[4]     Because this opinion involves the interpretation of a statute, the Legislature, if it chooses to do so, can amend the language of A.R.S. § 12-821.01.A to limit the methods through which a claimant must file a claim against the government. *See Galloway v. Vanderpool*, 205 Ariz. 252, 256 ¶ 17, 69 P.3d 23, 27 (2003) ("[I]f the court interprets the statute other than as the legislature intended, the legislature retains the power to correct us.").

22

the purpose of the claims statute. As we have recognized several times, A.R.S. § 12-821.01.A exists to provide notice to the state "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Falcon*, 213 Ariz. at 527 ¶ 9, 144 P.3d at 1256 (quoting *Martineau v. Maricopa County*, 207 Ariz. 332, 335-36 ¶ 19, 86 P.3d 912, 915-16 (App. 2004)). These functions are frustrated, indeed made impossible to accomplish, if the Court allows an assertion of mailing to substitute for actual receipt of a notice of claim.

¶36    If a notice of claim is not filed with the state, the state has no opportunity to investigate or assess the claim's validity and no ability to engage in financial planning and budgeting. In stark contrast to the ease with which a claimant can ensure the proper filing of a notice of claim, the state, absent actual receipt of a claim, has no ability at all to carry out its duty to evaluate a claim against it. The Court should avoid a statutory construction that prevents or makes unlikely carrying out the statute's purpose.

¶37    The majority's conclusion that a claimant can potentially satisfy the filing requirements with mere proof of mailing also is inconsistent with this Court's insistence that claimants strictly comply with the notice of claim statute. In

23

*Falcon*, the claimant delivered a notice of claim to one member of the county board of supervisors, rather than to the chief executive officer of the board. *Id.* at 526 ¶ 2, 144 P.3d at 1255. We held that service on one member of the board, even if it provided actual notice of a claim, did not comply with the notice requirements and did not serve the purpose of the statute. *Id.* at 531 ¶ 34, 144 P.3d at 1260. The claim was therefore statutorily barred. *Id.* In reaching our decision, we emphasized the strict notice of claim requirements and stated: "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)." *Id.* at 527 ¶ 10, 144 P.3d at 1256.

¶38    Similarly, in *Houser*, we held that § 12-821.01.A barred a properly filed notice of claim because the notice did not include a specific settlement amount, as required by the statute. 214 Ariz. at 296-97 ¶ 11, 152 P.3d at 493-94. We rejected the "reasonableness standard" urged by the claimant. *Id.* at 299 ¶ 21, 152 P.3d at 496. We reasoned that "fundamental principles of statutory construction do not allow us to ignore the clear and unequivocal language of the statute," which the legislature intended to "establish specific requirements that must be met for a claimant to file a valid claim with a government entity." *Id.* (citation and internal quotation omitted).

24

¶39    Rather than follow the approach of *Falcon* and *Houser,* which require strict compliance with the notice of claim statute, the majority's opinion rather inexplicably allows far less than strict compliance with the filing requirement itself, the initial and most indispensible requirement within the notice of claim statute.

## C.

¶40    The majority's approach not only seems inconsistent with the language and purpose of Arizona's statute, but also departs from the nearly unanimous approach taken by other jurisdictions interpreting analogous notice of claim statutes. Under the Federal Tort Claims Act (FTCA), for example, a claimant with a cause of action against the United States must have first "presented" the claim to the appropriate federal agency. 28 U.S.C. § 2675(a) (2006). Numerous courts have concluded that the "present" requirement is inconsistent with the mailbox rule. In *Vacek v. United States Postal Service*, the Ninth Circuit rejected a claimant's argument that the common law mailbox rule creates a presumption that the government received a claim under the FTCA. 447 F.3d 1248, 1251–52 (9th Cir. 2006). Focusing on the requirement of governmental consent to be sued and the "minimal effort" necessary to comply with the statute's requirement of receipt, the Ninth Circuit concluded that the

mailbox rule should not extend to claims brought under the FTCA. *Id.* at 1252. The court reiterated that it would not "stretch and distort the statute and the regulation to rescue counsel from their own carelessness." *Id.* at 1253 (quoting *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981)).

¶41 Other jurisdictions, including the Seventh and Eighth Circuits, have also held that mailing alone does not satisfy the FTCA's requirement that the claim be "presented" to the appropriate governmental agency. *See Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (finding that the claimant's request was not received by the governmental agency, despite the claimant's argument that the mailbox rule should apply); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) (validating the district court's conclusion that "mailing is not presenting" and concluding that the claimant had not presented her administrative claim because the claimant provided no evidence to contradict the government's affidavit alleging non-receipt); *see also Payne v. United States*, 10 F. Supp. 2d 203, 205 (N.D.N.Y. 1998) (concluding that claimants did not satisfy the filing requirement of the FTCA because the federal agency denied receipt and the letter alleging that notice was mailed was not evidence of actual receipt); *Crack v. United States*, 694 F. Supp. 1244, 1246-48 (E.D. Va. 1988) (explaining that mailing does not satisfy the "presentment" requirement of the FTCA and

26

presentment is not satisfied if the claimant offers no evidence to rebut an agency's evidence of non-receipt).

¶42 The majority's use of language from *Barnett v. Okeechobee Hospital* provides little support for its conclusion. *See* Op. ¶ 18. In addition to the fact that the *Barnett* decision reflects a distinctly minority view, it is factually dissimilar to the present case. *See* 283 F.3d 1232, 1234-35 (11th Cir. 2002). In that case, the federal government admittedly received Barnett's initial certified letter, but not a second letter using a government-provided form. *Id.* In that context, the court applied the mailbox rule. Here, the State asserts it never received any notice of Lee's claim. Moreover, *Barnett* based its ruling on the notion that the government should be treated exactly as a private defendant and applied the common law mailbox rule rather than the plain language of the FTCA. *Id.* at 1239-40. Arizona's statute, however, requires that a claimant against the government be treated in the same manner as a litigant bringing an action against a private defendant: Both must file their claims as set out in the Arizona Rules of Civil Procedure. *See* A.R.S. § 12-821.01.A. That requirement, not the status of the defendant, precludes application of the mailbox rule. *See Lombardo*, 241 U.S. at 76-77 (refusing to apply the mailbox rule to a statute that required filing with a governmental agency).

¶43      The result in this case should be dictated by the language of A.R.S. § 12-821.01.A, which requires that notice of claims be "filed" with the appropriate state agency pursuant to the rules of civil procedure.  I would hold, in keeping with the statutory language and in company with other jurisdictions, that the filing requirement cannot be subject to the common law mailbox rule.[5]

**D.**

¶44      Finally, the practical import of the majority's holding is unclear:  Because the majority ventures into new territory, its opinion leaves unanswered several critical questions, including who determines whether a notice was "filed" and how this determination is made.

¶45      Under the majority's resolution, the trial judge will face those questions on remand and must choose among several approaches.  On the one hand, the judge might treat the issue whether Lee "filed" his claim as a preliminary fact question, similar to a jurisdictional issue, or as a matter in abatement.  If either of those approaches is adopted, the question of whether Lee filed the claim presumably is a question for the

---

[5]      Contrary to the majority's suggestion, that conclusion does not mean that a claim would be extinguished "based merely on a defendant's testimony that it has no record of receipt."  Op. ¶ 19.   It does mean that, faced with such testimony, a claimant must present evidence of actual receipt, which this claimant admittedly cannot do.

28

judge to resolve. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (recognizing that a "failure to exhaust nonjudicial remedies is a matter in abatement, not going to the merits of the claim," and that the court has broad discretion to resolve "factual issue[s] [that] arise[] in connection with a jurisdictional or related type of motion" (citation omitted)); *Bailey v. United States*, 642 F.2d at 347 (stating that "the district court properly concluded" that the government had not received the claim); *Phillips v. Ariz. Bd. of Regents*, 123 Ariz. 596, 599, 601 P.2d 596, 599 (1979) ("[T]here is a lack of jurisdiction when there has been a failure to comply with a prerequisite to the court's considering the merits of a claim.").

¶46     On the other hand, Lee may argue on remand that *Pritchard v. State*, 163 Ariz. 427, 788 P.2d 1178 (1990), requires the issue of filing to be decided by a jury. In *Pritchard*, this Court held that the factual issue of whether a claimant's failure to comply with the time limitation in Arizona's notice of claim statute was excusable must be determined by a jury. *Id.* at 432-33, 788 P.2d at 1183-84. We reasoned that under the then-applicable version of A.R.S. § 12-821, which permitted untimely filing due to "excusable neglect," the time element was not jurisdictional, but procedural, in nature. *Id.* at 432, 788 P.2d at 1183. *Pritchard*, however,

29

decided a statutory question no longer at issue because the legislature amended the statute to remove the "excusable neglect" exception in favor of language that requires strict compliance with the statutory filing prerequisites. *Compare* A.R.S. § 12-821.01.A *with* A.R.S. § 12-821.A (1992).

¶47        Even if *Pritchard* can be interpreted as requiring that a jury decide whether a claim was "filed" under § 12-821.01.A, the question remains as to how a jury makes this determination. If a jury should decide that question in a separate proceeding before a trial on the merits of the claim commences, we will have encouraged satellite litigation to decide the issue. Or the majority opinion may anticipate a bifurcated trial in which the jury first decides receipt, and if receipt is found, then decides recovery. That approach will, in those instances in which the jury decides no claim was filed, subject the parties to unnecessary expense and delay.

## II.

¶48        The language of Arizona's notice of claim statute is clear:  A claim must be "filed" as set forth in the Arizona Rules of Civil Procedure.  Arizona, in company with the overwhelming majority of jurisdictions, has never applied the mailbox rule to initial civil filing requirements. Particularly in view of this Court's insistence that a claimant strictly

30

comply with the requirements of § 12-821.01.A, we should reject the invitation to expand the mailbox rule.  The trial court correctly dismissed this action for failure to comply with the statute.

 

_____

Ruth V. McGregor, Chief Justice


CONCURRING:


_____

Rebecca White Berch, Vice Chief Justice