601 P.2d 596

Jonathan and Judy PHILLIPS, husband and wife, Appellants,

v.

ARIZONA BOARD OF REGENTS, Appellee.

No. 14138–PR.

Supreme Court of Arizona, In Banc.

Oct. 2, 1979.

Robert L. Miller, Daniel L. Jackson, Tuba City, for appellants.

Favour & Quail by Keith F. Quail, James B. Feeley, Prescott, Ronald N. Rovey, Sedona, for appellee.

GORDON, Justice:

This case comes to us on a petition for review of a Court of Appeals decision in *Phillips v. Arizona Board of Regents*, 124

Ariz. 4, 601 P.2d 608 (App.1978). Jurisdiction is based on A.R.S. § 12–120.24. We vacate the decision of the Court of Appeals and affirm the order of dismissal of the Superior Court.

In July 1975, appellants Jonathan and Judy Phillips filed a suit in negligence against the Board of Regents pursuant to A.R.S. § 12–821 *et seq.*, which permits negligence actions against the state. The Board then moved to have the complaint dismissed because of the appellants' failure to file a cost bond as required by A.R.S. § 12–823. The trial court granted the motion on September 9, 1975. The order of dismissal stated:

> "(i) The Motion to Proceed Without Cost Bond was not timely filed and is not sufficient to support the relief requested;
> (ii) Arizona Revised Statutes § 12–823 has not been complied with."

The order did not state whether the dismissal was with or without prejudice. Appellants did not request relief from the order and no appeal was taken.

On December 10, 1975, appellants filed a second complaint, which, except for the inclusion of an additional defendant, was essentially the same as the previously dismissed complaint. Appellee, claiming that the second suit was barred under the doctrine of *res judicata*, moved the trial court to dismiss. The trial court found that Rule 41(b), 16 A.R.S. Rules of Civil Procedure, required that the earlier dismissal be considered with prejudice and that it barred a second suit. The issue before this Court is whether the trial court correctly applied Rule 41(b). We conclude that it did.

The relevant portion of Rule 41(b) is as follows:

> "Involuntary dismissal: effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this

rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." 16 A.R.S. Rules of Civil Procedure.

The trial court reasoned that, since the order dismissing the first suit did not specify whether the dismissal was with or without prejudice but only recited the reasons for the dismissal, the earlier dismissal "was therefore an adjudication on the merits." The Court of Appeals, one judge dissenting, reversed. Relying on its earlier decision in *Travelers Indemnity Co. v. Hudson,* 15 Ariz. App. 371, 488 P.2d 1008 (1971), the majority held that an earlier dismissal did not have a *res judicata* effect if the earlier order specified a reason for dismissal other than an adjudication on the merits.[1] The Court of Appeals decided that, for the purposes of Rule 41(b), a specification of a reason for dismissal other than the merits has the same effect as a specification that the dismissal is without prejudice.

The problem with the approach of the Court of Appeals is that it equates a dismissal for a specified reason other than the merits with a dismissal specified as being without prejudice. The language of Rule 41(b) does not reveal an intent to make this equation.

The last sentence of Rule 41(b) is concerned with whether the Court specifies that a dismissal is to *operate* as an adjudication on the merits and not whether the Court has specified that the dismissal is an adjudication on the merits. Rule 41(b) assumes that some dismissals for reasons other than the merits will result in a bar to future litigation as if the suit had been decided on the merits. Several reasons for dismissal, lack of jurisdiction, improper venue, and failure to join a party under Rule 19, are explicitly listed in the last sentence of Rule 41(b) as exceptions to the general rule that all involuntary dismissals are with prejudice unless otherwise specified. If Rule 41(b) intended all dismissals which are not adjudications on the merits to be without prejudice, then the express exceptions would be unnecessary.

This Court has already dealt with what should be the effect, under Rule 41(b), of a dismissal for reasons other than the merits. In *Anguiano v. Transcontinental Bus System,* 76 Ariz. 246, 263 P.2d 305 (1953) plaintiff's earlier suit had been dismissed because he failed to give security for costs as ordered by the trial court. The order of dismissal did not recite that it was without prejudice. We held that the plain language of Rule 41(b) required that the earlier dismissal operate as an adjudication on the merits. That interpretation of Rule 41(b) was upheld in *Fovargue v. Singer,* 77 Ariz. 305, 270 P.2d 1090 (1954), and in *Hoff v. City of Mesa,* 86 Ariz. 259, 262, 344 P.2d 1013, 1015 (1959), we said that *Anguiano* held that Rule 41(b) "applied to involuntary dismissals without regard to the reasons or causes resulting in such dismissals * *."

It is appropriate to emphasize that Rule 41(b) does not *require* the trial court to dismiss with prejudice when the dismissal is based on reasons other than plaintiff's substantive claim. Moreover, if a plaintiff believes that a dismissal with prejudice is unnecessarily harsh, he may move the court to amend or alter its order, 16 A.R.S. Rules of Civil Procedure, Rule 59(*1*), and if that relief is not granted he may appeal a final order to the Court of Appeals.

Appellants also urge that the dismissal of their first suit should be considered without prejudice, because the failure to file a cost bond as provided by A.R.S. § 12–823 was jurisdictional, and 16 A.R.S. Rules of Civil Procedure, Rule 41(b) expressly provides that a dismissal for lack of jurisdiction is not to operate as an adjudication on the merits. We do not agree with this contention.

■ A dismissal is based on lack of jurisdiction if the Court is incompetent to con-

---

1. Because a Petition for Review was not sought for the decision in *Travelers,* this Court has had no occasion to consider the apparent inconsistency between *Travelers* and *Anguiano v. Transcontinental Bus System,* 76 Ariz. 246, 263 P.2d 305 (1953), considered later in this opinion.

sider the subject matter of the suit or if it lacks the power to bring the parties before it. Moreover, there is a lack of jurisdiction when there has been a failure to comply with a prerequisite to the court's considering the merits of a claim. *See Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

This last failure of jurisdiction was present in *Knape v. Brown,* 86 Ariz. 158, 342 P.2d 195 (1959). In that case plaintiff had not filed a bond, as required by then A.R.S. § 32–554(F), in order to appeal to the Superior Court from a decision of the Board of Beauty Culturists Examiners. We said that the right to appeal existed only according to the terms of a statute, and the failure to file the bond deprived the Superior Court of jurisdiction under A.R.S. § 32–554(F).

In *Flynn v. Johnson,* 3 Ariz.App. 369, 414 P.2d 757 (1966), the Court of Appeals rejected the contention that a dismissal for failure to comply with a court order to file a cost bond under Rule 67(d), 16 A.R.S. Rules of Civil Procedure, met the jurisdictional exception of Rule 41(b). It is especially noteworthy that in *Anguiano, supra,* the first dismissal was also based on a failure to comply with a court order to file a cost bond.

■ We do not believe that the trial court is deprived of jurisdiction to consider a suit brought under A.R.S. § 12–821 *et seq.* because of plaintiff's failure to file the bond required by § 12–823. Accordingly, the dismissal in appellant's first suit was not for lack of jurisdiction within the meaning of 16 A.R.S. Rules of Civil Procedure, Rule 41(b).

The decision of the Court of Appeals is vacated and the order of dismissal of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.