NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSIAH ADAM ENGLISH, III, *Plaintiff/Appellant*,

*v.*

THERESE A. GANTZ, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0299
FILED 1-19-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-000906
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Josiah Adam English, III, Phoenix
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson PC, Phoenix
By Donald Wilson, Jr., Kelley M. Jancaitis
*Counsel for Defendant/Appellee Gantz*

Berry Law Group PLLC, Phoenix
By Christopher J. Berry, Carmine DiPiero
*Counsel for Defendant/Appellee Sanders*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        Josiah English, III, appeals the trial court's dismissal of his complaint against Carla Sanders and Therese Gantz with prejudice. For the following reasons we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        English is a pretrial detainee at the Maricopa County Jail on a charge of first-degree capital murder in the intentional shooting death of his ex-wife in front of their children. Following his arrest, the State sought to have his children declared dependent as to him and to have his parental rights terminated.

¶3        In January of 2019, English sued Gantz and Sanders—and seven other attorneys—for legal malpractice in his criminal and juvenile proceedings. In April of 2019, he moved to amend the complaint and extend the time to serve defendants. The court informed him that at the time of the motion, he did not need the court's leave to amend the complaint and therefore denied the motion to amend. The court subsequently extended English's time to complete service until December 31, 2019, stating that it would likely not extend the deadline any further. English never filed an amendment to the initial complaint.

¶4        On December 17, 2019, English served Sanders through the Maricopa County Office of Legal Defender's authorized agent, Rick Miller. Sander's moved for dismissal based on improper service, having never authorized Miller to accept personal service on her behalf; English's failure to comply with A.R.S. § 12.821.01; and failure to state a claim in which relief could be granted on any of the asserted facts of the complaint.

¶5        Gantz moved for dismissal in January of 2020, claiming a legal malpractice suit cannot be sustained based on her acting strictly in an advisory role and that there were no possible facts English could assert that would suggest otherwise. Gantz mailed the motion to dismiss to English's

address used in his moving papers. English did not file a responsive brief or move to amend his complaint after either of the motions to dismiss.

¶6        The court found that English, by not answering the motions, had tacitly conceded the motions' merits and granted the motions, requesting a lodged form of judgment from the defendants within 20 days. Defendants subsequently submitted their lodged form of judgments, requesting the dismissals be with prejudice, to which English did not object. The court signed the judgments dismissing defendants Gantz and Sanders with prejudice and English timely appeals.

## DISCUSSION

¶7        English concedes in his opening brief that his cause of action for legal malpractice has not accrued and that dismissal was warranted. He maintains, however, the trial court erred when it dismissed his complaint against Sanders and Gantz with prejudice. We review the trial court's ruling and order for an abuse of discretion. *Legacy Foundation Action Fund v. Citizens Clean Elections Commission*, 243 Ariz. 404, 405 ¶ 6 (2018); *see also Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64 ¶ 16 (App. 2010).

¶8        Under Rule 7.1(a), a non-moving party must respond to a motion within ten days. Ariz. R. Civ. P. 7.1(a). If the nonmoving party does not timely respond, the superior court has the discretion to grant the motion summarily. Ariz. R. Civ. P. 7.1(b); *see also Strategic Dev. & Const., Inc.*, 224 Ariz. at 65 ¶ 17. Rule 41 governs whether a dismissal is with or without prejudice and includes any involuntary dismissal except for dismissals based on a "lack of jurisdiction, improper venue, or failure to join a party under Rule 19." Ariz. R. Civ. P. 41(b). Unlike a plaintiff's first voluntary dismissal pursuant to Rule 41(a), involuntary dismissals under Rule 41(b) are considered an adjudication on the merits; they are presumptively with prejudice and need not be substantively based. Ariz. R. Civ. P. 41; *see also Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 601 ¶ 8 (App. 2016). Lastly, "if a plaintiff believes that a dismissal with prejudice is unnecessarily harsh, he may move the court to amend or alter its order." *Phillips v. Ariz. Bd. of Regents*, 123 Ariz. 596, 598 (1979). Then, "if that relief is not granted he may appeal a final order to the Court of Appeals." *Id.*

¶9        English has waived his ability to appeal the dismissal with prejudice. English did not file a responsive pleading as required by Rule 7.1, move to amend the complaint under Rule 15, or object to the lodged form of judgment. English also did not move to amend or alter the

judgment. Because English did not bring the issue to the attention of the superior court at any time during the proceedings and has not demonstrated extraordinary circumstances for failing to do so, he has waived the right to present it here. *See Phillips*, 123 Ariz. at 596; *see also Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court [. . .] should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

¶10        Even if English had not waived his argument, he does not offer any law to support his position that an involuntary dismissal should be without prejudice under Rule 41(b). He does not argue that the dismissal was based on a "lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19," Ariz. R. Civ. P. 41(b), which are exceptions to the presumption that an involuntary dismissal operates as an adjudication on the merits. Ariz. R. Civ. P. 41(b). His argument, rather, contravenes Rule 41(b)'s plain language. *Id. see also Phillips*, 123 Ariz. at 596. The trial court did not abuse its discretion in dismissing with prejudice. Ariz. R. Civ. P. 41(b); *see also Strategic Dev. & Const., Inc.*, 224 Ariz. at 65 ¶ 17.

¶11        English asks for substantive and procedural leeway because he is a pro per litigant. A pro per litigant, however, "is held to the same familiarity with court procedures and the same notice of statutes, rules, and legal principles as is expected of a lawyer." *Higgins v. Higgins*, 194 Ariz. 266, 270 ¶ 12 (App. 1999); *see also Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287 ¶ 16 (App. 2000) ("[A] party who conducts a case without an attorney is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer.").

¶12        For the first time on appeal, English contends that he was never served with Gantz's motion to dismiss and was therefore denied due process. We generally do not consider issues, even constitutional issues, argued for the first time on appeal. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26 ¶ 13 (App. 2000). Because English failed to raise this claim before the trial court, it has been waived. *See id.*; *see also Trantor*, 179 Ariz. at 300; *Lee v. State*, 218 Ariz. 235, 237 ¶ 8 (2008) ("The denial of receipt of mail creates an issue of fact that the factfinder must resolve to determine if delivery actually occurred."); *Kessen v. Stewart*, 195 Ariz. 488, 495 ¶ 26 (App. 1999) (noting the reviewing court is "not the appropriate forum for resolving factual disputes" and thus the appellate court will not consider new evidence on appeal, assuming new evidence has been offered.).

## CONCLUSION

¶13       For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA