NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER FRENCI, | No. 22-16628 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00414-MTL |
| v. | |
| RUSH AUTO CORPORATION, LLC, DBA Pick-A-Part, DBA Rush Auto Recyclers Incorporated, DBA We Buy Scrap, named as Rush Auto Corporation LLC; JANET RUSH, in her official and individual capacities; DANIEL THORPE, in his official and individual capacities, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted December 12, 2023**

Before:    WALLACE, LEE, and BUMATAY, Circuit Judges.

Christopher Frenci appeals pro se from the district court's judgment

_____

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his federal and state law employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) on the basis of claim preclusion. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). We affirm.

The district court properly dismissed Frenci's action because Frenci's claims were raised or could have been raised in a previous action between the parties that resulted in a final adjudication on the merits. *See Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003) (federal court must follow state's preclusion rules to determine effect of a state court judgment); *Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (discussing requirements for claim preclusion under Arizona law); *see also Phillips v. Ariz. Bd. of Regents*, 601 P.2d 596, 598 (Ariz. 1979) (explaining that any dismissal, other than for lack of jurisdiction, improper venue, or failure to join a party, is an adjudication on the merits, unless the court specifies otherwise).

The district court did not abuse its discretion by denying Frenci's motion for reconsideration because Frenci failed to establish a basis for such relief. *See* D. Ariz. R. 7.2(g)(1) (setting forth grounds for reconsideration); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth the standard of review for compliance with local rules, and noting that "[b]road deference is given to a

2                                                                      22-16628

district court's interpretation of its local rules").

**AFFIRMED.**